IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUTFEE ABDUL WAALEE, | )<br>) |
| Plaintiff, | )<br>) |
| -vs- | ) Civil Action No. 14-1123<br>) |
| CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL SECURITY, | )<br>)<br>) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 7 and 10). Both parties have filed briefs in support of their motions. (ECF Nos. 8, 11 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 7) and denying Defendant's Motion for Summary Judgment. (ECF No. 10).

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits and supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed his applications alleging he has been disabled since December 7, 2010. (ECF No. 6-7, pp. 4, 6). Administrative Law Judge ("ALJ"), Alma S. de Leon, held a hearing on December 20, 2013. (ECF No. 6-3, pp. 2-55). On February 6, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 6-2, pp. 20-42).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 7 and 10). The issues are now ripe for review.

## II.   LEGAL ANALYSIS

### A.   Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.   *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.   42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. §404.1520(a).  The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

## B.     Residual Functional Capacity ("RFC")[1]

Plaintiff asserts that the ALJ's RFC finding that Plaintiff is limited to light work, including standing/walking for about 6 hours in an eight hour day, is not supported by substantial evidence. (ECF No. 8, pp. 3-10; No. 12, pp. 1-5). In this case, the ALJ found that Plaintiff has the RFC to perform light work with exceptions, including stand/walk for about 6 hours and sit for up to 6 hours in an eight hour day. (ECF No. 6-2, p. 27). Plaintiff submits that "the ALJ did not give substantial weight to any medical source that opined Plaintiff could perform that level of standing, sitting and walking." (ECF No. 8, p. 3). Therefore, Plaintiff argues remand is necessary. *Id.* at p. 10. After a review of the record, I agree.

Light work is defined as follows:

---

[1] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

3

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, *a job is in this category when it requires a good deal of walking or standing,* or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §404.1567 (emphasis added). SSR 83-10 further clarifies: "Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work **requires** standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." (Emphasis added).

The ALJ gave Plaintiff's treating PCP, Dr. Hwang, partial weight: "claimant's treating PCP, is partially reflected in the adopted residual functional capacity as he opined that the claimant had the capacity for work at the light exertional level." (ECF No. 6-2, pp. 39-40). With regard to the stand/walk limitation at the light exertional level, however, such statement is not borne out by the record. Rather, Dr. Hwang, opined that Plaintiff could only stand and walk for four hours out of an eight hour day. (ECF No. 6-23, p. 35). The ALJ acknowledges this opinion earlier on in her determination when she was discussing the medical records (ECF No. 6-2, p. 34), but when she was weighing the medical opinion she does not provide any explanation as to why or how this is consistent with light work as defined above. (ECF No. 6-2, p. 39).

I also note that the ALJ identifies and sets forth why other opinions of Dr. Hwang are not consistent with light work. *Id.* at pp. 39-40. She does not, however, include the stand/walk limitation in this explanation. *Id.* This can only lead me to conclude that the ALJ felt Dr. Hwang's stand/walk opinion was consistent with the definition of light work. *Id.* at pp. 39-40. As set forth above, Dr. Hwang's stand/walk opinion is not consistent with the definition of light work and any *post-hoc* rationalization by Defendant to the contrary is improper. *Fargnoli v.*

4

*Massanari*, 247 F.3d 34, 44 n. 7 (3d Cir. 2001) (The review of an administrative order must be judged upon those bases set forth and disclosed in that order.)

Certainly, the ALJ was not required to accept Dr. Hwang's stand/walk opinion, nor is the Plaintiff arguing the same.[2] Nevertheless, an ALJ must set forth the reasons for crediting or discrediting relevant or pertinent medical evidence. *Burnett v. Comm'er of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000). "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett,* 220 F.3d at 121-122*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981). Without the same, a reviewing court cannot make a proper determination. *Id.* If the ALJ rejected Dr. Hwang's stand/walk opinion she needed to state as much and give some reason for discounting the same. If the ALJ accepted Dr. Hwang's stand/walk opinion, which it appears to me that she did, then I find the same is incorrect and, thus, cannot be considered substantial evidence to support her RFC finding that Plaintiff could stand/walk for 6 hours in an 8-hour work day.

The only opinion that Plaintiff could stand/walk for up to 6 hours in an 8-hour work day was that of Dr. Ali, a state agency physician. (ECF No. 6-11, p. 21) The ALJ, however, gave this opinion "minimal weight" explaining that she was not bound by this decision. (ECF No. 6-2, p. 39). The ALJ's stated reason for giving this opinion minimal weight was because Dr. Ali did not have the opportunity to observe Plaintiff or to consider additional medical evidence subsequent to his review of the record. *Id.* As a result, the ALJ did not provide any further

---

[2] "The crux of Plaintiff's argument is that the ALJ effaced a misunderstanding of light work and a misinterpretation of Dr. Hwang's opinion." (ECF No. 12, p. 2).

discussion at all with regard to said opinion. *Id.* Therefore, based on the ALJ's opinion and stated justifications, it cannot be said that Dr. Ali's opinion provided substantial evidence to support the ALJ's RFC finding that Plaintiff could stand/walk for 6 hours in an 8-hour work day.

After a review of the record, I am utterly confused as to what evidence the ALJ relied upon in determining that Plaintiff had an RFC to perform light work, *including stand/walk for about 6 hours*. The opinion is completely confounding on this point. As a result, I find the ALJ's opinion is not based on substantial evidence. Therefore, I find the ALJ erred in this regard. Consequently, remand is warranted on this basis. On remand, the ALJ is instructed to reconsider the opinion evidence and clarify her opinion as it relates to Plaintiff's RFC and the basis for the same.

Plaintiff also argues that the ALJ erred in failing to ask the vocational expert hypothetical questions that accurately reflect Plaintiff's impairments. (ECF No. 8, pp. 10-12). An ALJ is required to accept only hypothetical questions which accurately reflect a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984)*; Chrupcala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir. 1987). Since I have found that remand is warranted as set forth above, remand is similarly warranted on this basis as well.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LUTFEE ABDUL WAALEE, )
)
       Plaintiff, )
)
 -vs- ) Civil Action No. 14-1123
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
       Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 6th day of April, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 7) is granted and Defendant's Motion for Summary Judgment (Docket No. 10) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                                            BY THE COURT:

                                            s/ Donetta W. Ambrose
                                            Donetta W. Ambrose
                                            United States Senior District Judge